## THOMAS PARIZO *v.* A. WORTHEIM.

May Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1925.

*Trial—Immaterial Evidence.*

In action of tort to recover value of certain cows sold and disposed of by defendant, where sole issue, other than damages, was ownership of cows, instrument under which defendant claimed as mortgagee *held* properly excluded, as question involved was whether plaintiff's vendor owned cows when plaintiff acquired them, and the character or effect of dealings between defendant and person claimed by him to be mortgagor was not material to such issue, and for the further reason that no showing was made that cows covered by such instrument were those in controversy.

ACTION OF TORT. Plea, general issue. Trial by jury at March Term, 1924, Chittenden County, *Graham,* J., presiding, Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Charles F. Black* for the defendant.

*Allen Martin* and *Leon D. Latham* for the plaintiff.

SLACK, J. This is an action of tort to recover the value of eight cows which were sold and disposed of by defendant. The plaintiff had a verdict and judgment below, and the case is here on defendant's exceptions.

The only issue involved, other than that of damages, was ownership of the cows in question. The plaintiff claimed to have acquired title to them from one Josephine Martell on May 3, 1922, and it appeared from his undisputed evidence that on that day she and her husband, Eugene, sold and conveyed to the plaintiff a farm in the town of Williston, together with certain personal property which included thirty-four cows. That the

cows in controversy were included in that transaction was not seriously disputed, but the defendant claimed, and his evidence tended to prove, that Josephine did not own them, but that they belonged to her son, Eugene Martell, Jr., under whom defendant claimed as mortgagee. The issue thus presented was clearly and fairly submitted to the jury under the following instructions: "As I have already stated to you the burden is on the plaintiff to establish by a preponderance of the evidence that he was the owner of these eight cows on June 14, 1922, when they were disposed of by the defendant, and unless he sustains this burden and establishes his title he cannot recover. So, if you find from the evidence that Eugene Martell, Junior, was the owner of the cows in question, and that Josephine Martell had no title to them when she executed her deed to the plaintiff on May 3, 1922, then she conveyed no title to the plaintiff and that ends the case and the verdict will be for the defendant. But if you find that Josephine Martell was, on May 3, 1922, the owner of these eight cows and that they were included in the list and description of the personal property in the deed from her to the plaintiff then I charge you that her title was thereby transferred to the plaintiff and in that case your verdict will be for the plaintiff, and you will proceed to the question of damages." This part of the charge was not excepted to.

Having in mind the precise question at issue we pass to the examination of the defendant's only exception, which was to the exclusion of his Exhibit A. This exhibit was an instrument in the nature of a chattel mortgage on three horses, eight heifers, and seventeen cows given defendant May 16, 1921, by Eugene Martell, Jr., and his father. The body of the instrument was signed by both makers, but Eugene, Jr., did not make and subscribe the affidavit thereto appended as required by G. L. 2877.

Defendant claimed that this instrument was admissible as evidence, showing an actual conveyance or sale of the cows in question by Eugene, Jr., to him; that the instrument constituted a valid common law mortgage; that it showed the transaction that took place between the parties thereto; and that since Eugene, Jr., was in actual possession of the cows at the time it was given, it amounted to an act or declaration of claim of title and ownership by him.

Manifestly, the character or effect of the dealings between Eugene, Jr., and defendant, whether they constituted an actual

sale, a common law mortgage, or neither, was not of the slightest materiality under the issue on trial, since the plaintiff's right to recover depended, as we have seen, not upon what transpired, or was attempted, between them, but upon whether he acquired a valid title to the cows from Josephine. If she owned the cows, her title passed to the plaintiff, unaffected by anything Eugene, Jr., or the defendant did; if she did not own them, the plaintiff acquired no title to them and, therefore, cannot recover even though the transaction between Eugene, Jr., and defendant was utterly void.

Whether declarations of ownership by one in possession of personal property are admissible to aid the presumption of ownership arising from possession—a question about which the cases are not agreed, as shown by 3 Wig. Ev., § 1779—we do not pause to consider, since the record shows that at the time this evidence was offered there had been no attempt to show that the cows covered by this instrument were the ones in controversy, nor was there any assurance that such connection would be made later. Unless this appeared the evidence clearly had no force for the purpose claimed. It may well be that this missing link was what the court had in mind when it excluded this evidence. It then said: "As the case now stands, defendant's A is excluded and the defendant may have an exception." Thereupon, counsel for defendant pressed the court to indicate what was lacking, but the court merely replied: "We don't know yet how the case may shape up—that simply means this, that that is not a final exclusion of the document, and you may again offer the excluded evidence at any stage of the proceedings as you see fit and the court will rule upon the offer as the case may then stand." Obviously, as the evidence then stood the instrument was properly excluded; and it was not offered again.

The parol evidence which was offered for the purpose of showing the transaction embodied in this instrument was properly excluded.

*Judgment affirmed.*